# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **Cilici LLC** | **Case No. 6:19-cv-00668** |
| **Versus** | **Judge Michael J Juneau** |
| **Vision Acquisitions LLC** | **Magistrate Judge Carol B Whitehurst** |

## REPORT AND RECOMMENDATION

Before the Court is a Motion To Dismiss filed by Defendant, Vision Acquisitions, LLC ("Vision") [Rec. Doc. 9] and a Memorandum In Opposition filed by Plaintiff, Cilici, LLC ("Cilici") [Rec. Doc. 14]. For the reasons that follow, the Court will recommend that the Motion be granted.

## I. Background

On May 24, 2019, Cilici filed this action seeking to annul the tax sale of immovable property identified as 130 Mossy Oak Street, Sunset, LA 70584 ("Property") to Vision. Cilici, a mortgage company, alleges it is the holder of a promissory note dated December 6, 2006 in the amount of $131,957.00 (the "Note"), in favor of Countrywide Home Loans, Inc., executed by Ricky L. Roberts ("Roberts"), and secured by a mortgage recorded as Instrument No. 974063 in the mortgage records of St. Landry Parish ("Mortgage"). *R. 1, ¶¶ 6–7; Exh. A*. Cilici alleges that Roberts acquired the Property by a Cash Sale

executed on December 6, 2006 and recorded it as Instrument No. 974061 in the conveyance records of St. Landry Parish. *R. 1, ¶ 10; Exh. B.*

Cilici further alleges that the Mortgage and Note were assigned to BAC Home Loans Servicing, LP ("BAC") on June 2, 2011 by Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Countrywide Home Loans Servicing, LP, by Transfer of Note Secured by Mortgage recorded in the mortgage records of St. Landry Parish. *R. 1, ¶ 9; Exh. C.* Effective July 1, 2011, BAC merged into Bank of America, N.A. ("BOA"). *Id.; Exh. D.* On April 23, 2018, the servicing rights of the loan were transferred from BOA to Cilici. *Id.; Exh. A.*

Cilici alleges that the Property was sold at a tax sale on May 27, 2014 due to failure to pay 2013 Parish property taxes and was conveyed by Tax Sale Deed to Vision, which was recorded in the conveyance records of St. Landry Parish on June 3, 2014. *R. 1, ¶ 11; Exh. F.* Cilici further alleges that no efforts were made by the St. Landry Parish Sheriff's Office, the tax sale purchaser, or any other party to notify BAC, mortgagee of the Property, or BOA, successor by merger, of the tax sale. As such, Cilici alleges the Parish Tax Sale is absolutely null and void under *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983) for violation of BAC's due process rights under the U.S. and Louisiana Constitutions. R. *1, ¶¶ 12–13*. Based on the assignment of the Mortgage to Cilici, Cilici claims its due process rights have also been violated. *R. 1, ¶ 14.*

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009. But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 290 (5th Cir. 2004). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir.2003).

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Iqbal*, 129 S.Ct. at 1949–50. It need not contain detailed

factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

### III. Analysis

In its Motion, Vision contends that after Roberts purchased the Property, BAC brought suit against Roberts on the Note, and as a result, on April 9, 2010, the 27th Judicial District Court for St. Landry Parish executed a Judgment against Roberts for the remaining balance on the loan ($129,547.33) plus interest, expenses, attorney's fees, and other amounts. *R. 9-4*. Thereafter, as Cilici alleges, the Mortgage and Note were assigned to BAC on June 2, 2011. Following BAC's merger with BOA, BAC executed an Assignment of the Judgment to

BOA. *R. 9-6.* The Mortgage, but not the Judgment, was subsequently assigned to Cilici in April, 2019.[1]

Vision argues that Cilici has failed to plead sufficient facts to establish that it is the assignee of the Judgment and therefore the proper party to assert a cause of action under the Judgment. Vision states the facts demonstrate that the Mortgage and Note were "extinguished and merged into the Judgment" when the Judgment was rendered on April 9, 2010. Therefore, Vision asserts that the Mortgage and Note "ceased to exist as legally enforceable obligations and the Judgment became the operative and controlling document on which any claim or cause of action must be based."[2] *R. 9-1, p. 3*. As assignee of the Mortgage only, Cilici has no rights under the Mortgage or the Note because both were extinguished in 2010 by the Judgment.

In its Opposition Cilici states that, "a mortgage is not extinguished when a note is reduced to a money judgment" because it "is an accessory obligation that follows the principal obligation (the note) and is not separately enforceable from its principal." *R. 14, p. 2.* It further states that "[t]he note itself is not 'extinguished' but

---

[1] Vision contends that before it was assigned to Cilici, the mortgage was assigned from BOA to the Secretary of Housing and Urban Development ("HUD") in March 2013; from HUD to Kondaur Capital Corp. ("Kondaur") in March 2013; from Kondaur to National Home Investors, LLC ("National") in April 2014; from National to Syncretic Financial Inc. ("Syncretic") in May 2014; from Syncretic to Atlantica, LLC ("Atlantica") in July 2018; and from Atlantica to Plaintiff Cilici.

[2] As Vision's exhibits A – F attached to its motion, are referenced in the Complaint, are central to Plaintiff's claims and are public records they are properly referred to pursuant to Fed. R. Civ. P. 12.

rather is 'merged' into the money judgment." *Id.* Cilici contends that the underlying obligation of the note becomes the same underlying obligation of the new money judgment and, as such, creditors may buy and sell the right to enforce that obligation. Thus, as holder of the Note and the Mortgage, Cilici claims it has standing to enforce the underlying obligation which it legally purchased.

Cilici relies solely on the 1936 case, *Ford v. Vetsch*, 167 So. 842 (La.App.Orleans 1936). While it does not explain how *Ford* supports its claim, Cilici's reliance on *Ford* is misplaced as the facts are distinguishable from this case. There, the judgment was annulled which allowed the holder of the note to reassert its rights as owner of the note. *Id.* at 844.

Contrary to Cilici's claim, "[i]n Louisiana, a conventional mortgage is an accessory security device. It is founded upon a principal debt, which it secures, and when the principal debt is extinguished, the mortgage disappears." *Thrift Funds Canal, Inc. v. Foy*, 260 So.2d 628, 630 (La. 1972). "[A]ccessory obligations such as the mortgages and security agreements ... have life only as security for a principal obligation and cease to have effect when the principal obligation is extinguished." *In re Barnett Marine, Inc.*, 343 B.R. 561, 567 (Bkrtcy.E.D.La.,2006) (citing *Colonial Bank v. Marina Seafood Market, Inc.*, 425 So.2d 722, 723 (La.1983). For that reason, "[t]he accessory obligation created by the act of mortgage cannot serve as a foundation for a demand separate and distinct from the principal obligation."

6

*Colonial Bank*, at 723, Thus, Louisiana jurisprudence clearly provides that when a party sues on a mortgage note and the note is reduced to a money judgment, as in this case, the note is merged into the judgment and ceases to be separately enforceable. *See In re Barnett Marine, Inc.*, 343 B.R. 561, 567 (E.D.La. B.R.,2006).

Based on the foregoing well established law, the Court finds that Cilici holds no rights under the Judgment, and therefore, no rights over the Property. Accordingly, as Cilici is not the proper party to raise the alleged due process violation in this case, the Court RECOMMENDS that the Motion to Dismiss filed by Defendant, Vision Acquisitions, LLC [Rec. Doc. 9] be GRANTED and Plaintiff's claim dismissed without prejudice due to Plaintiff's lack of standing to assert the claim alleged.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

7

by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** in Lafayette, Louisiana this 10th day of December, 2019.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**